FRANK VAN BLARCOM, ANDREW SCARNICI, THOMAS SCARNICI, BY HIS NEXT FRIEND LOUIS SCARNICI, LOUIS SCARNICI, INDIVIDUALLY, JOHN GALLIVAN, BY HIS NEXT FRIEND EMMA GALLIVAN, EMMA GALLIVAN, INDIVIDUALLY, JOSEPH KADZIK, BY HIS NEXT FRIEND JAKOB KADZIK, AND JAKOB KADZIK, INDIVIDUALLY, PLAINTIFFS, v. PUBLIC SERVICE CO-ORDINATED TRANSPORT, A CORPORATION OF NEW JERSEY, AND CHARLES VANACKE, DEFENDANTS.

Submitted May 16, 1930—Decided December 15, 1930.

Before GUMMERE, CHIEF JUSTICE, and Justices TREN-CHARD and LLOYD.

For the rule, *Henry H. Fryling* (*Harold F. Dorgeval,* of counsel).

*Contra, Aaron L. Simon.*

PER CURIAM.

The defendants have a rule for new trial in this case in which there were a number of plaintiffs, occupants of an automobile which collided with defendant's bus. Plaintiffs received verdicts.

The accident happened at night in Passaic at the intersection of Passaic and Colombia avenues, the plaintiffs' car proceeding north on Colombia avenue and defendant's bus going east on Passaic avenue. Colombia avenue is a stop street and it was claimed that the learned trial judge erred in refusing to charge requests covering the law on this point. and the law with regard to the lights carried by an automobile. Both requests were substantially covered in the general charge.

It is next said the verdicts are excessive in amount. We think this is not so. Van Blarcom received an award of $1,000. He received in the accident injuries to his back, wrist and head, was taken to a hospital and received treatment there and later was attended by a physician. Some of these injuries were still painful at the date of trial, seven months after the accident. He lost $290 in wages and incurred a medical bill of $33. The award does not seem to be so grossly excessive as to justify interference by the court.

The award to Andrew Scarnici for $3,000 seems justified. His injuries consisted of a cut near the eye, lacerations of the leg and a number of cuts on his back, legs and ankle. He was employed as a bricklayer receiving wages of $14 per day and was obliged to remain away from his work for a period of three months. His injuries required medical attendance, particularly the lacerations on the face and legs. We cannot say that this award was excessive.

The verdict awarded to Joseph Kadzik of $2,000 was clearly not excessive. His injuries were severe and the effects in some instances permanent. He was obliged to lose five months at his work and it is claimed that when he returned to work his wages were reduced by reason of his inability to work as before.

To Jacob Kadzik, the father of Joseph, there was an award of $1,000. Here again we think the verdict was not excessive. The loss of wages already accrued, the medical attendance and the prospective diminution of the son's earning power during minority evinces that the verdict was not excessive.

It is said in defendant's brief that the complaint alleged money loss to the father only for medical expenses and that no proof was presented of such payments. The case, however, seems to have been tried upon the theory of a money loss in wages and there was abundant proof of medical attendance which presumably must be paid for.

The remaining awards were small in amount, do not appear to be excessive and call for no special comment.

The rule is discharged.